UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

RICHARD MILLER,

    Plaintiff,

v.

GOVERNOR TIM PAWLENTY,

    Defendant.

Civil No. 09-3317 (DWF/AJB)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of federal subject matter jurisdiction.

**I. BACKGROUND**

The substantive allegations of Plaintiff's complaint are set forth in a single hand-written paragraph. The first sentence of that paragraph, which summarizes the essence of Plaintiff's claim for relief in this case, reads as follows:

> "I am filing a civil suit against [Minnesota] Governor Tim Pawlenty because he is trying to take away my welfare [benefits]."

(Complaint, p. 4, § 7.)

Plaintiff is seeking a judgment against Defendant for "$20,000,000 million [sic] in damages." (Id., "Request for Relief.")

Plaintiff's complaint indicates that there is no federal question presented in this case, and that federal subject matter jurisdiction is based on diversity of citizenship. (Id., p. 3, §§ 3 and 4.) However, the complaint also indicates that both Plaintiff and Defendant reside in Minnesota. Given these averments, there is obvious reason to consider whether this action must be summarily dismissed for lack of jurisdiction.

**II. DISCUSSION**

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.)

In this case, there are no allegations in the complaint which suggest that Plaintiff's claims are based on the federal Constitution, or on any laws or treaties of the United States. Moreover, Plaintiff has explicitly confirmed, at sections 3 and 4 of the complaint, that no federal question is presented in this case.

It is also readily apparent that subject matter jurisdiction cannot exist under the "diversity of citizenship" statute, 28 U.S.C. § 1332. Jurisdiction is conferred by that statute only when (i) the parties reside in different states, and (ii) the amount in controversy exceeds $75,000.00. Here, the complaint expressly states that both Plaintiff and Defendant are citizens of Minnesota. (Complaint, pp. 1-2, §§ 1 and 2; p. 3, § 5.) Thus, there obviously is, in fact, no diversity of citizenship in this case.

## III. CONCLUSION

For the reasons discussed above, the Court finds that federal subject matter jurisdiction does not exist in this case under either the federal question statute, or the diversity of citizenship statute. The Court will therefore recommend that Plaintiff's IFP application be denied, (see 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** for lack of jurisdiction.

Dated: November 24, 2009

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before December 8, 2009.